The estate of Joseph Fitch, deceased, was represented insolvent, and commissioners appointed to examine the claims. The note in question was exhibited to them, as a debt against said estate; and the same defense being then made, the note was disallowed by the commissioners, on which the estate proved solvent.

The defendants' counsel now moved for the admission of those commissioners, to testify how the facts appeared on the inquiry before them.    But,

By the COURT.    (DYER, J., absent) — The opinion of the commissioners is immaterial to us; nor is it important to us, how the matter appeared before them; this court must judge from the evidence here exhibited.    If any witness who before testified, is dead, his testimony may now be given in evidence; or any confession of the plaintiff against himself — but no farther.

---

THE STATE v. ABNER BURROWS.

ON an information of the state's attorney, for passing a counterfeit certificate, for the interest of money loaned to the state; — the prisoner pleaded not guilty.

Mr. Larrabee, counsel for the prisoner, then moved the court — That the prisoner might be released from his imprisonment, upon procuring bail.    It appeared, that he had been convicted of the same crime, in Middlesex county, the last circuit, and sentenced to three years' imprisonment, from which he had escaped, before the commission of the crime now complained of.    And,

By the COURT. The term of imprisonment, to which he hath been sentenced, not being expired, he cannot be enlarged, though he should procure bail.

## HAMLIN v. FITCH.

A contract is not within the statute against usury, unless it be for the repayment of a greater value than the thing loaned, besides the advance of six per cent.

THIS was an action upon a joint and several obligation, given by the defendant, and one William Campbell, on the 28th day of February, 1785, for the payment of $16,839 in final settlement certificates, within six months from the date.

The issue joined, and found by the verdict of the jury, was,— "That the obligation was given for the loan of $16,839, in final settlement certificates; and that it was corruptly agreed, between the plaintiff, said Campbell, and the defendant, to give the plaintiff £1,000 in lawful money for said loan, for the term of six months, more than the lawful interest: And that, in pursuance of said agreement, an obligation was, by said Campbell, given to the plaintiff therefor; — and that, therefore, said contract was usurious and oppressive," etc.

Mr. Halsey, and Mr. Peters, counsel for the plaintiff, moved in arrest of judgment, and for cause alleged,— That the issue joined was immaterial, as the obligation on which, etc. was given for final settlement certificates, which were, at the time of the loan, in a depreciating condition, and attended with a risk of the total loss thereof, within the term of six months, or a much greater depreciation in value, than the sum secured to the plaintiff by the note from Campbell: